IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAMAR BALL,    )<br>                           )<br>     Petitioner,         )<br>                           )<br>  v.                       )<br>                           )<br>D.K. SISTO, Warden,        )<br>                           )<br>     Respondent.           )<br>_____) | No. C 07-2726 MMC (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 1)** |

On June 28, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 29, 2007, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims or, in the alternative, a motion to dismiss on procedural grounds. On October 1, 2007, respondent filed an answer to the petition; on October 17, 2007, petitioner filed a traverse. The Court now addresses petitioner's request for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas actions. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir.), <u>cert. denied</u>, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." <u>See</u> 18 U.S.C. § 3006A(a)(2)(B).

Here, petitioner's claims have been adequately presented in the petition. Moreover, the Court anticipates that the exhibits lodged by respondent in support of the answer, which

1 exhibits include the briefs prepared by counsel and filed in the California Court of Appeal
2 and California Supreme Court, will further illuminate the arguments in support of petitioner's
3 claims. Consequently, the interests of justice do not require appointment of counsel in the
4 instant case at this time. Should the circumstances change materially at a later stage of the
5 litigation, the Court will reconsider this decision sua sponte. Accordingly, the request for
6 appointment of counsel is hereby DENIED.

This order terminates Docket No. 1.

IT IS SO ORDERED.

DATED: January 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge