**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| ROBERT LAMAR BALL,                    ) | No. C 07-2726 MMC (PR) |
| )                                        | |
| Petitioner,      ) | **ORDER DENYING MOTION FOR** |
| )                                        | **APPOINTMENT OF COUNSEL** |
| v.                  ) | |
| )                                        | |
| D.K. SISTO, Warden,               ) | **(Docket No. 11)** |
| )                                        | |
| Respondent.      ) | |
| _____ ) | |

15          On June 28, 2007, petitioner, a California prisoner proceeding pro se, filed the above-

16   titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Thereafter, the Court

17   ordered respondent to file an answer showing cause why the petition should not be granted

18   based on petitioner's cognizable claims or, in the alternative, a motion to dismiss on

19   procedural grounds.  Respondent has filed an answer to the petition and petitioner has filed a

20   traverse.

21          Petitioner, for the second time, moves for the appointment of counsel.  The Sixth

22   Amendment's right to counsel does not apply in habeas actions.  Knaubert v. Goldsmith, 791

23   F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Pursuant to statute, however, a

24   district court is authorized to appoint counsel to represent a habeas petitioner whenever "the

25   court determines that the interests of justice so require and such person is financially unable

26   to obtain representation."  See 18 U.S.C. § 3006A(a)(2)(B).

27          The Court previously denied petitioner's first request for appointment of counsel,

28   finding as follows:

1

2

3

4

   Here, petitioner's claims have been adequately presented in the petition. Moreover, the Court anticipates that the exhibits lodged by respondent in support of the answer, which exhibits include the briefs prepared by counsel and filed in the California Court of Appeal and California Supreme Court, will further illuminate the arguments in support of petitioner's claims. Consequently, the interests of justice do not require appointment of counsel in the instant case at this time.  Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

5

6

(Order, filed Jan. 11, 2008, at 1-2.)

7

   As of today's date, there has been no material change in circumstances warranting appointment of counsel.  Accordingly, the request for appointment of counsel is hereby DENIED.

8

9

   This order terminates Docket No. 11.

10

   IT IS SO ORDERED.

11

DATED: December 5, 2008

12

13

MAXINE M. CHESNEY
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

2